UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE ROGERS,        Plaintiff, | : : : | |
| v. | : : | Case No. 3:16cv498(MPS) |
| OFFICER JAMES TURNER, ET AL.,        Defendants. | : : | |

## RULING AND ORDER

The plaintiff, Wayne Rogers, is incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He has filed an amended complaint naming Correctional Officer Turner and Lieutenant Ballan as defendants. For the reasons set forth below, the amended complaint is dismissed in part.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of

action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff claims that in July 2015, he was incarcerated at Corrigan Correctional Institution. On July 26, 2015, Correctional Officer Turner asked the plaintiff to leave his cell and to wait in the stairway. Officer Turner then spent two hours searching the plaintiff's cell. The plaintiff observed Officer Turner take his radio and throw away his food tray. When the plaintiff questioned Officer Turner about the food and radio, Officer Turner became enraged, slammed the plaintiff to the floor of his cell, and swore at him. After Officer Turner left the plaintiff's cell, the plaintiff covered the window in the door of his cell in an effort to make the officers in the housing unit to summon a lieutenant to his cell.

Lieutenant Ballan arrived at the plaintiff's cell and spoke to the plaintiff about why he had covered his cell window. The plaintiff disclosed that he felt unsafe and asked to speak with mental health staff. Lieutenant Ballan refused to permit the plaintiff to leave his cell or to speak with someone from the mental health department. The plaintiff then falsely informed Lieutenant Ballan that he had spread feces around his cell and again requested to see mental health staff. Lieutenant Ballan threatened the plaintiff with physical harm if he continued to keep his cell window covered. Other officers attempted to speak to the plaintiff through the cell door, but the plaintiff ignored them and refused to remove the covering from his cell window.

The plaintiff lay on the floor of his cell to wait for mental health personnel to arrive. Lieutenant Ballan sprayed a chemical agent into the plaintiff's cell. Officers then entered the plaintiff's cell to handcuff and remove him from the cell. During this process, Officer Turner punched the plaintiff in the face and spit and swore at him. The plaintiff lost consciousness at one point. Officers dragged the plaintiff backwards out of the cell by his arms because he could not walk. Officers then brought a wheelchair to transport the plaintiff to the medical department.

Medical staff members treated the plaintiff's injuries. Officers then escorted the plaintiff to the restrictive housing unit, strip-searched him, and placed him in a cell that was filthy and smelled of urine and feces.

The plaintiff informed Lieutenant Ballan of the conditions in the cell and that he felt dizzy and nauseous, but Lieutenant Ballan refused to take any action to remedy the conditions. A short time later, the plaintiff notified other officers that he felt dizzy and nauseous. Those officers summoned medical staff to the plaintiff's cell. After speaking to the plaintiff, medical staff directed the officers to move the plaintiff to the medical unit for observation.

The following day, officers escorted the plaintiff back to the "same dirty cell." (ECF No. 11 at 14.) Medical staff recommended that the plaintiff take pain medication and rest. The plaintiff suffers from headaches, shoulder pain, anxiety, and high blood pressure.

For relief, the plaintiff seeks monetary damages as well as declaratory and injunctive relief. To the extent the plaintiff seeks damages against the defendants in their official capacities, the claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The court concludes that the plaintiff has stated plausible Eighth Amendment claims of deliberate indifference to his health and safety and the use of excessive force against Officer Turner and plausible Eighth Amendment claims of deliberate indifference to his health and safety, deliberate indifference to medical and mental health needs, and the use of excessive force against Lieutenant Ballan.  These claims will proceed against the defendants in their individual capacities and in their official capacities to the extent that the plaintiff seeks declaratory and injunctive relief.

### ORDERS

The Court enters the following orders:

The claims in the Amended Complaint [**Doc. No. 11**] against the defendants in their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment claims of deliberate indifference to the plaintiff's health and safety and the use of excessive force against the plaintiff as asserted in the Amended Complaint [**Doc. No. 11**] will proceed against Officer Turner in his individual and official capacities and the Eighth Amendment claims of deliberate indifference to the plaintiff's health and safety, deliberate indifference to the plaintiff's medical and mental health needs, and the use of excessive force against the plaintiff as asserted in the Amended Complaint [**Doc. No. 11**] will proceed against Lieutenant Ballan in his individual and official capacities.

(2)     **Within twenty-one (21) days of this Order**, the U.S. Marshals Service shall serve the summons, a copy of the amended complaint and this order on both defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Lieutenant Ballan and Correctional Officer James Turner and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     Defendants shall file their response to the amended complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

SO ORDERED at Hartford, Connecticut this 6th day of September, 2016.

                                     /s/
                                 Michael P. Shea
                                 United States District Judge